**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BETHALINE C. SIBURT, Individually and
as Special Administrator of the
ESTATE OF JAMES A. SIBURT**

            Plaintiff,

        **Case No. 10-C-135**

    -vs-

**U.S. BANK, and AMERICAN GENERAL
LIFE INSURANCE COMPANY,**

            Defendants.

---

## DECISION AND ORDER

---

This action, was filed in the Circuit Court for Sheboygan County, Wisconsin by the Plaintiff, Bethaline C. Siburt ("Siburt"), individually and as special administrator for James A. Siburt ("James").[1] Defendant U.S. Bank, with the consent of Defendant American General Life Insurance Company ("American") (collectively the "Defendants"), removed the action to this federal district court relying upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Siburt's Second Amended Complaint ("Complaint") sets forth a state law breach of contract claim against each Defendant (First and Second Causes of Action) as well

---

[1] Because the Plaintiffs, Bethaline and James Siburt, have the same surname, the Court departs from its usual practice of referring to individuals by their surnames, and refers to James Siburt by his given name to avoid confusion. No disrespect is intended.

as a claim against American for the bad faith denial of Siburt's insurance claim and 12% interest pursuant to Wis. Stat. § 628.46. (*See* Second Am. Compl. ¶¶ 19-20, 24, 30.)

The matter comes before the Court on U.S. Bank's motion to strike the expert report and testimony of Siburt's expert witness, Gerald Halaska ("Halaska"), pursuant to Rules 26(a)(2)(B) and 37(c)(1) of the Federal Rules of Civil Procedure. As grounds for its motion, U.S. Bank contends that the expert report does not satisfy the requirements of Federal Rule of Civil Procedure 26(a). For the following reasons, the Court grants the U.S. Bank's motion to strike Halaska's expert report and testimony.

**Background**

Siburt alleges that James had a life insurance policy with American; however, in January of 2009, U.S. Bank did not make the electronic monthly premium payment to American under the terms of James's U.S. Bank checking account. (*Id.* at ¶¶ 4-5, 17.) Siburt further alleges that on February 10, 2009, American "unilaterally and illegally" changed the premium payment from monthly to quarterly. (*Id.* at ¶ 11.) Siburt also alleges that on February 27, 2009, James died of an accident – before the March 12, 2009, deadline for payment of the premium. She also alleges that she submitted $500,000 life insurance claim to American; however, the claim was rejected by American because of U.S. Bank and/or American. (*Id.* at ¶¶ 12-14.)

The August 19, 2010, scheduling order governing this action provided that "[o]n or before December 10, 2010, the plaintiff must notify the defendants of any expert

witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Federal Rule of Civil Procedure 26(a)(2)(B), or the plaintiff will be barred from calling such witnesses as experts at trial." (Doc. 24.) Siburt filed her expert witness list on December 9, 2010, naming William J. Warfel ("Warfel") as her only expert witness. (Def.'s Br. Supp. Mot. Strike, 2.) Siburt did not produce a report from Warfel. (*Id.*) On December 30, 2010, after William Duffin ("Duffin"), U.S. Bank's counsel, requested Warfel's Rule 26 report, Siburt provided Duffin with a report from Warfel. (*Id.*) The parties agreed that Siburt would produce all required expert information regarding Warfel by February 25, 2011. (*Id.*)

On February 15, 2011, after the deadline for Siburt to name expert witnesses had passed, Siburt advised Duffin that Judy Etta ("Etta"), a witness previously identified as a lay witness, was an expert witness. (*Id.*) Siburt's counsel, Mark Wurtz ("Wurtz"), informed Duffin that Siburt's expert witness list produced on December 9, 2010, was incomplete because Wurtz had a heart attack. (Smessaert Decl. Supp. Mot. Strike, ¶¶ 7, 11.) The parties agreed that Siburt could name additional expert witnesses by February 25, 2011. (*Id.* at ¶ 12.) On February 24, 2011, the deadline for naming additional expert witnesses was extended until March 4, 2011; thereafter, it was extended again until March 8, 2011. (Def.'s Br. Supp. Mot. Strike, 3.)

On March 10, 2011, Siburt provided expert witness reports from Warfel and Halaska to U.S. Bank. (*Id.*) Siburt did not provide it with Etta's expert report. (*Id.*)

-3-

Warfel's report featured a signed 12 page affidavit, (*see* Smessaert Decl. Supp. Mot. Strike, Ex. F), and Halaska's report consisted of a signed 11 paragraph affidavit. (Def.'s Br. Supp. Mot. Strike, 3.) Halaska's affidavit did not include "any information about Halaska's qualifications, prior testimonial experience, publications, etc." (*Id.*) (*See* Fed. R. Civ. P. 26(a)(2)(B); Halaska Aff.)

On March 11, 2011, Duffin sent Wurtz an e-mail stating that Halaska's report did not comply with Rule 26, and that, unless Siburt produced the required information, U.S. Bank would move to strike the report. (Duffin Decl. Supp. Mot. Strike ¶ 6.) Wurtz agreed that U.S. Bank was entitled to additional information from Halaska, (Duffin Supplemental Decl. Supp. Mot. Strike ¶¶ 2-3), and inquired whether U.S. Bank would withdraw its motion. (*Id.*)

Duffin responded that "[he] would decide whether to withdraw the motion after reviewing whatever additional information plaintiff provided to [him] from . . . Halaska." (*Id.* at ¶ 3.) On March 25, 2011, Siburt filed a supplemental affidavit from Halaska. (Def.'s Reply Br. Supp. Mot. Strike, 2; Halaska Supplemental Aff.) Halaska's supplemental affidavit states that he has not previously testified in any case, he has not published any documents in the last ten years, and his background is rooted in finance and banking. (Halaska Supplemental Aff. ¶¶ 2-3.) However, the supplemental Halaska affidavit does not address other matters that must be disclosed in a Rule 26 report. (*See* Halaska Supplemental

Aff.) U.S. Bank asserts that Halaska's affidavits fail to satisfy the requirements of Rule 26 and move to strike Halaska's expert report and testimony. (Def.'s Mot. Strike, 1.)

**Analysis**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the witness "is one retained or specially employed to provide expert testimony," this disclosure must be accompanied by a written report – prepared and signed by the witness – and must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> 
> (ii) the facts or data considered by the witness in forming them;
> 
> (iii) any exhibits that will be used to summarize or support them;
> 
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> 
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> 
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Civil Local Rule 26(b)(1)(A) of the Local Rules of the Eastern District of Wisconsin requires "[e]ach party [to] provide the written report required under Federal Rule of Civil Procedure 26(a)(2)(B) for a witness who has been retained or specifically employed to provide expert testimony . . . ." Civil L. R. 26(b)(1)(A) (E.D. Wis.).

-5-

"Absent a stipulation or a Court order, disclosures required under [the] rule must be made in accordance with Federal Rule of Civil Procedure 26(a)(2)(C)." Civil L. R. 26(b)(2) (E.D. Wis.).

"The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010) (citing *Walsh v. Chez*, 583 F.3d 990, 993 (7th Cir. 2009); *Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007)). Rule 26 is designed to "avoid surprise and give the opposing party a full opportunity to evaluate the expert's methodology and conclusions and to respond accordingly." *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009).

"[E]xpert reports must be 'detailed and complete' . . . A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) (citing 1993 Advisory Committee Notes regarding amendments to Fed. R. Civ. P. 26). "Expert reports must not be sketchy, vague or preliminary in nature," and they must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions. *Id.*

"[I]f a party fails to comply with Rule 26, [the Court] has the discretion to impose sanctions, including the exclusion of evidence." *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996). If a party fails to identify a witness as required under Rule 26,

the party is not allowed to use that witness to supply evidence. Fed. R. Civ. P. 37(c)(1). "A party is barred from using at trial evidence that it failed to disclose 'without substantial justification' . . . unless that failure was harmless." *Jenkins*, 487 F.3d at 488; *see also Gicla*, 572 F.3d at 410, *Keach v. U.S. Trust Co.*, 419 F.3d 626 (7th Cir. 2005) ("A party shall not be permitted to use any information not so disclosed . . . This sanction is 'automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless'").

Halaska's March 11, 2011, affidavit and his April 25, 2011, supplemental affidavit comprise Siburt's expert witness report from Halaska. (*See* Wurtz Ltr. filed May 23, 2011.) Wurtz stated that he has "no idea what else it is that [Defendants' counsel] wants from [Halaska]." (*Id.*)

As stated above, there are specific requirements set out in Federal Rule of Civil Procedure 26(a)(B) that an expert witness's report must meet and, if it does not satisfy those requirements, the party is subject to sanctions under Federal Rule of Civil Procedure 37(c)(1). Halaska's two affidavits, when taken together, do not contain the information required under Rule 26 and, therefore, are inadequate.

Halaska's report is insufficient under Rule 26 because it does not contain a complete statements of all opinions that Halaska will express and the basis and reasons for them. The United States Supreme Court held that whether the proposed expert seeks to base his testimony on professional studies or entirely on personal experience, the expert must

employ the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). "Rule 702 requires that such testimony be based on sufficient facts or data, be the product of reliable principles and methods, and result from the witness' reliable applications of the principles and methods to the facts of the case." *Griffith v. N.E. Ill. Reg'l Commuter R.R.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006).

The report states Halaska's opinions about what he believes occurred with the premium transfer and the interaction between James and the Defendants. (Halaska Aff. ¶¶ 3-11.) However, Halaska does not indicate the basis and reasons for his opinions and he does not explain what caused him to reach his conclusions. *See Griffith*, 233 F.R.D. at 517 (holding that "the Disclosure, even when supplemented by the medical records submitted with the motion . . . provides virtually no information about the basis for that opinion"); *United States ex rel. Mossey v. Pal-Tech,Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002) ("[the] very brief report fails to provide complete statements of his opinions or the bases and reasons for them, nor does it adequately identify the data or information he considered in forming his opinions") (citations omitted).

The sole insight Halaska provides as to the basis and reasons for his opinions is that his "opinions rendered in this case are self-explanatory."[2] (Halaska Supplemental Aff. ¶ 1.) An expert's assertion that his opinions are self-explanatory, accompanied by conclusory determinations without any explanation as to the basis and reasons for them, is insufficient to satisfy Rule 26. *See Ohime v. Foresman*, 186 F.R.D. 507, 508 (N.D. Ill. 1999) (holding that the expert report was insufficient because "it contains only a three-sentence paragraph of vague conclusions as to his expert opinion . . . These conclusory determinations are insufficient under Rule 26(a)").

Halaska's expert report also does not contain the facts or data that he considered in forming his opinions. Halaska states that he had reviewed "various materials" pertaining to this case. (Halaska Aff. ¶ 3.) These materials included "various transactions records" and "various account activity statements relative to [James'] account . . . ." (*Id.*) Additionally, Halaska states that he believes that his "opinions rendered in this case are self-explanatory and are based on the materials that were furnished to [him] and which all parties to this action already have." (Halaska Supplemental Aff. ¶ 1.) However, that is the extent of Halaska's disclosure of the facts or data he considered in forming his opinions. He has not identified specific facts or data considered and his report is "useless [to Defendants] in

---

[2] Siburt did not file a brief in opposition to the Defendants' motion to strike. The Court declines to address issues that Siburt has not addressed or argued. As stated stated in *Alioto v. Town of Lisbon*, No. 09-3921, __ F.3d __, 2011 WL 2642369, at *5 (7th Cir. July 7, 2011), "[l]ongstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. . . . We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion . . . ." (citations omitted). Additionally, the Court "[is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Id.* (citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)).

preparing for cross-examination." *See Cohlmia v. Ardent Health Servs. , LLC*, 254 F.R.D. 426, 432 (N.D. Okla. 2008); *see also Upsher-Smith Labs., Inc. v. Mylan Labs., Inc.*, 944 F. Supp. 1411, 1440 (D. Minn. 1996) ("Moreover, the reports wholly fail to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed. As such, the reports provide virtually no assistance to opposing counsel in preparing to cross-examine [the] experts"); *but see Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009) (holding that expert witnesses supplemental reports were sufficient because they "provided [defendant] ample notice of the theory against which he had to defend, and they alerted him to the kind of rebuttal and cross-examination he would need to undertake"). Halaska has also failed to state whether he will use any exhibits to summarize or support his opinions. *See United States ex rel. Mossey*, 231 F. Supp. 2d at 98.

Halaska also does not disclose his qualifications, stating only that based on his "education and professional career, [he is ]reasonably familiar with banking regulations and overdraft customs for the US Banks." (Duffin Dec. Supp. Mot. Strike, Ex. A ¶ 1.) There is no description of Halaska's educational and professional career or how it qualifies him to testify as an expert witness. *See Jenkins*, 487 F.3d at 488 (holding that expert reports were sufficient because they "disclosed prior testimony . . . and set forth the physicians' qualifications and publications in their respective curriculum vitae").

The only background information that can be gleaned from Halaska's affidavits is that he has not published any documents and/or authorized any books in the last ten years,

he has not testified in any case prior to this, and his "background is rooted in finance and banking for many years." (Halaska Supplemental Aff. ¶¶ 2-4.) *See also Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 819-20 (N.D. Ill. 2005) (holding that expert witnesses format for cases in which he previously had been involved "was uninformative . . . [and] their format made impossible [] any meaningful investigation of [the expert's] background as an expert witness"). Halaska, by failing to list his qualifications, has not given U.S. Bank adequate notice to prepare for trial, and therefore, fails to meet the requirements of Rule 26.

Halaska has satisfied three of the Rule 26 requirements. Halaska, as stated above, notified U.S. Bank that he has not previously testified in any case, and he has not published any documents and/or authorized any books in the last ten years. (Halaska Supplemental Aff. ¶¶ 2-3.) He also notified U.S. Bank of his compensation and states that "[i]f called to testify . . . I will charge opposing counsel $5,000 each." (*Id.* at ¶ 4.)

However, Rule 26(a)(2)(B) states that the expert witness report "*must*" contain all six requirements. Fed. R. Civ. P. 26(a)(2)(B). This is not a situation where the expert witness "substantially complied;" rather, Halaska's report fails to include significant portions of required material. *See Jenkins*, 487 F.3d at 488 (holding that two expert witnesses "substantially complied" where letter from counsel, that experts subsequently adopted, "identified [them as expert witnesses], provided each witness' curriculum vitae, and stated the expected testimony and the basis for that testimony").

Siburt has also failed to show that Halaska's failure to comply with Rule 26 was harmless or justified. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000) (holding that the pro se plaintiff's actions "were not abusive, contumacious, or without satisfactory explanation. [Plaintiff's] actions suggest only an innocent misunderstanding and lack of familiarity with the law") (citations omitted). In addition to the multiple extensions given, Siburt has not "offered – indeed, does not offer to this date – a satisfactory explanation for [her] failure to comply with the directive of the district court." *See Salgado*, 150 F.3d at 741. Instead, Siburt contends that she has "attempted to satisfy all the requirements" and that she thought the matter was "moot." (Wurtz Ltr. filed May 23, 2011.) Siburt's inability to show that the non-compliance was harmless or justified supports a determination that the Court should strike Halaska's expert report and testimony.

In conclusion, for the reasons stated above, U.S. Bank's motion to strike Siburt's expert report and testimony of Halaska is granted.

The Court notes that the date for filing dispositive motion has passed, and none have been filed. The matter is currently set for a final pretrial conference on October 3, 2011, and a jury trial commencing on November 7, 2011. The Court will conduct a telephone status conference to address whether the parties are prepared to proceed as scheduled or whether there is "good cause" to modify the current schedule. The Court will initiate the call.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

U.S. Bank's motion to strike Siburt's expert report and testimony of Halaska (Docket No. 30) is **GRANTED**; and,

The parties **MUST PARTICIPATE** in a telephone status conference on **September 12, 2011, at 2:00 p.m.** to address whether they are prepared to proceed as scheduled or whether there is "good cause" to modify the current schedule. The Court will initiate the call.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2011.

                                                              **BY THE COURT**

                                                            *s/ Rudolph T. Randa*
                                                            **HON. RUDOLPH T. RANDA**
                                                           **U.S. District Judge**